IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| GARY EARL BRUNDAGE,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>MICHAEL LEE VAN DAM, et al.,<br><br>　　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 1:22-cv-130 DBP<br><br>Chief Magistrate Judge Dustin B. Pead |

　　　　This matter comes before the court on Defendants' Motion to Dismiss for Failure to State a claim under Rule 12(b)(6).[1] (ECF No. 8.) Plaintiff brings this case under 42 U.S.C. § 1983, alleging he was discriminated against when he was referred to a pornography addiction workshop, but then was told he was "not a good fit" for the group after coming in for an assessment. As set forth herein, the court grants Defendants' motion.[2]

**BACKGROUND**

　　　　In considering a motion to dismiss, the court "'accept[s] the facts alleged in the complaint as true and view[s] them in the light most favorable to the plaintiff.'" *Irizarry v. Yehia*, 38 F.4th 1282, 1286, 2022 WL 2659462 (10th Cir. 2022) (quoting *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016)). Mr. Brundage is proceeding pro se after being granted in forma pauperis status by the court. (ECF No. 5.) Because Mr. Brundage is proceeding pro se, the court liberally

---

[1] The parties consented to original jurisdiction of the undersigned in accordance with 28 U.S.C. 636(c). (ECF No. 13.)

[2] The court does not convert the Rule 12(b)(6) motion to a motion for summary judgment because it is unnecessary to rely on matters outside the pleadings to resolve the motion. *See* Fed. R. Civ. P. 12(d); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir.1997) ("A 12(b)(6) motion must be converted to a motion for summary judgment if 'matters outside the pleading are presented to and not excluded by the court' and 'all parties ... [are] given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.'") (quoting Fed. R. Civ. P. 12).

construes his pleadings. *See Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013). Under these standards, the court summarizes the allegations in Plaintiff's complaint.

Mr. Brundage was referred to Ogden LDS Family Services located in Ogden, Utah, by his bishop, who is his ecclesiastical leader. Plaintiff was set up to attend a "Men's Pornography Treatment Workshop" beginning on September 13, 2022, to be held at Ogden LDS Family Services. Mr. Brundage received an email from a therapist on August 29, 2022, confirming him a member of the group.

On September 6, 2022, Plaintiff came in for an assessment prior to beginning the workshop. During the assessment Plaintiff told the therapist, Defendant Michael Vandam, that he had been referred for "out of control pornography use". (ECF No. 6 p. 4.) Plaintiff also reported he had been working with his bishop for homosexual behavior with other men in the past. After receiving this information, the therapist informed Mr. Brundage that he would not be the "right fit for the group" because he would "be the only person there who had done something like that." *Id.*

Mr. Brundage was then removed from the group with "no type of appointment." *Id.* These circumstances created mental distress for Plaintiff wherein he "cried for 7 hours the day this happened" and it has been hard since this time. *Id.* at p. 5. Plaintiff subsequently received a bill for the assessment that added to his distress. Based on what occurred, Mr. Brundage seeks "3 million in damages as well as 3 million in punitive damages" from each of the Defendants for a total of 18 million dollars.

## LEGAL STANDARDS

The court accepts "all well-pleaded factual allegations in the complaint as true, and we view them in the light most favorable to the nonmoving party." *Sinclair Wyo. Refin. Co. v. A & B*

*Builders, Ltd.*, 989 F.3d 747, 765 (10th Cir. 2021) (citation, quotations, and alterations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quotations omitted).

Pro se complaints are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). *See Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir.2005). "[The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico,* 113 F.3d 1170,1173–74 (10th Cir.1997) (quotations and citations omitted). The court cannot be a pro se litigant's advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991), and will not accept as true conclusory allegations unsupported by factual allegations. *Oxendine v. Kaplan*, 241 F.3d 1272 (10th Cir.2001). The court's "broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110.

## DISCUSSION

Defendants move the court to dismiss Plaintiff's complaint with prejudice under Fed. R. Civ. P. 12(b)(6) because they are not state actors. Section 1983 of Title 42 provides that a person acting under color of state law who "subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. To state a claim under Section 1983, Plaintiff must allege that a person has deprived them of a federal right, constitutional or statutory, and that the person acted under the color of state law in doing so. *See Kentucky v.*

*Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir.1991). Section 1983 does not support a claim based on a respondeat superior theory of liability. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 453–54, 70 L. Ed. 2d 509 (1981).

A showing that defendants were acting "under color of state law" is a jurisdictional prerequisite for a § 1983 action. *Id.* at 315. To establish subject matter jurisdiction for a civil rights action, the plaintiff must show that the defendant acted under color of state law. See 28 U.S.C. § 1343(3).

Here the facts fail to establish that Defendants were acting under color of state law. Defendants held a pornography treatment workshop at their facility. Upon reviewing Plaintiff's past, a therapist determined that Plaintiff was not a "good fit" for this group. Plaintiff argues the therapist holds a state license and Ogden LDS Family Services cannot operate without a state license. Therefore, they are state actors. This argument is foreclosed by precedent. The Supreme Court has held extensive government regulation does not transform actors of a regulated entity into those of the government. *San Francisco Arts & Athletics, Inc. v. Olympic Committee*, 483 U.S. 522, 544, 107 S.Ct. 2971, 2985, 97 L.Ed.2d 427 (1987). And the licensing relationship here between Defendants and the state does not create a situation where they are acting under color of state law. *See Polk County*, 454 U.S. at 318 (rejecting the argument that a relationship creates section 1983 liability and holding a public defender did not act "under color of" state law within the meaning of 42 U.S.C. § 1983 when representing an indigent defendant in a state criminal proceeding). To hold otherwise would change nearly anyone who holds a state license, or is regulated, into a government entity, exposing them to section 1983 liability whenever they act.

In addition, case law supports Defendants' argument that they are not state actors. *See, e.g., Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1255, 2005 WL 2421618 (10th Cir. 2005) ("the speech restrictions by the LDS Church do not constitute state action under the public function doctrine"); *Pino v. Higgs*, 75 F.3d 1461, 1466 (10th Cir. 1996) (social therapist employed with nonpublic organization did not act under color of state law); *Reinhardt v. Kopcow*, 65 F. Supp. 3d 1164, 1172 (D. Colo. 2014) (decision to terminate the plaintiff from the treatment program was not attributable to the state); *Cooke v. Corp. of President of Church of Jesus Christ of Latter Day Saints*, No. CV088080PCTMHM, 2009 WL 2450478, at *5 (D. Ariz. Aug. 11, 2009) ("Defendants are Utah corporations that conduct the legal affairs of the Church of Jesus Christ of Latter-day Saints. As such, they are private entities, not state actors.").

Finally, the facts do not establish that Defendants acted in concert with state actors to deny Plaintiff the opportunity to attend the treatment group. Plaintiff was asked to not attend a private treatment meeting. There is no Constitutional right mandating that Plaintiff be allowed to attend. As such Plaintiff's complaint fails.

Defendants seek dismissal of Plaintiff's complaint with prejudice. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806, 1999 WL 33063 (10th Cir. 1999). "[T]he plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint." *Hall*, 935 F.2d at 1110.

Here, there are no additional elements Plaintiff could add to convert Defendants into state actors or facts that could demonstrate they were operating under color of law. *See Gee v.*

*Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (requiring the district court to consider whether the pro se plaintiff should be allowed to amend his complaint). As such, the court dismisses Plaintiff's complaint with prejudice.

ORDER

Defendants' Motion to Dismiss is GRANTED. Plaintiff's complaint is dismissed with prejudice.

The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED this 24 February 2023.

_____
Dustin B. Pead
United States Magistrate Judge